W. G. Anderson, Appellee, v. George W. Arnold, Appellant.

MASTERS IN CHANCERY—*when findings of fact not disturbed.* Unless the evidence is clearly contrary to the findings of fact by the master, such findings will not be disturbed on review.

Bill in chancery. Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 15, 1912.

WELTY, STERLING & WHITMORE, for appellant.

A. M. HESTER and BARRY & MORRISSEY, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an appeal by the defendant from a decree requiring him to pay to the complainant the sum of $2,194.38. The bill upon which such decree was rendered alleges, in substance, that the complainant and

defendant, together with W. D. Hawk and W. H. Anderson, became security upon three certain notes executed by one Wilhite, and payable to the Corn Belt Bank of Bloomington, two for the sum of $70 each and one for the sum of $4,292.72; that the complainant was compelled to and did pay each of said notes, with interest thereon; that the said Wilhite, the maker of said notes, and the said Hawk, one of the said sureties, were insolvent, whereby the defendant, as co-surety, became liable to the complainant for one-third of the amount paid by him in satisfaction of said notes, together with interest thereon from the date of the respective payments.

The answer of the defendant admits the making and payment of said notes; denies the insolvency of Wilhite and Hawk, and alleges that the said notes for $70 each represented interest upon the note for $4,292.72; that at the time the latter note was executed, and for the purpose of protecting the sureties thereon, Wilhite procured to be issued to and placed in the hands of the complainant a certificate for shares of the capital stock of a coal company, of the par value of about $4,000; that afterward the complainant traded said stock for certain real estate in Iowa, taking the title to the same in his own name, and had since held and claimed to own said real estate; that the complainant having thus converted said stock to his own use, the defendant should only be required to contribute his share of the amount paid in satisfaction of said notes, after charging the complainant with the par value of said stock.

The master in chancery, to whom the cause was referred, found that both Wilhite and Hawk were insolvent as alleged in the bill; that the certificate of stock in the coal company was in fact issued to W. H. Anderson as trustee, and not to the complainant, as charged in the bill; that upon the hearing before him, the said master, the said W. H. Anderson produced

said certificate of stock and offered the same in evidence, and testified that it had never been out of his possession and was not used in said land trade; that while there was evidence tending to support the claim that the certificate was so used as a part of the consideration for the deed to said real estate, no evidence was offered tending to show that either of the sureties interested in said certificate had ever requested that the same be sold for their benefit or that there had ever been any notice to sell the same, or that said shares of stock had any market value in cash, or that the value of the same had changed since its issuance to said trustee. The master further held that inasmuch as said certificate was thus under the control of the court, where either surety might by proper motion get the benefit of it as originally contemplated when issued to the trustee, and for the further reason that the evidence failed to show any damage to either party by reason of anything the complainant may have done concerning said certificate, the defendant was not entitled to any credit as against the complainant growing out of said certificate, and recommended a decree in accordance with the prayer of the bill. Exceptions by the defendant to the master's report were overruled by the court, and a decree rendered in accordance therewith.

The evidence clearly shows that the certificate of stock was issued to W. H. Anderson, with the full knowledge and consent of the defendant; that the same had never since been assigned but had been held by W. H. Anderson from the time it was so delivered to him until after the commencement of the present suit. The evidence further shows that the Iowa land was conveyed to W. H. Anderson and not to the complainant as charged in the bill. The testimony of Castleman, who represented the owner of the Iowa real estate in the sale thereof, tends to show that the only stock delivered to the vendor was about fourteen

shares of which the complainant was the individual owner. While the evidence discloses that a contract was prepared purporting to be between the owner of the real estate on the one part, and the complainant, W. H. Anderson and Hawk on the other, by which it was agreed that stock of the coal company to the par value of $9,750 should be turned in as part consideration for the land, it further shows that the name of the complainant was attached thereto by W. H. Anderson, that the complainant thereafter repudiated said contract and was released by Castleman therefrom. The evidence further shows that the shares of stock in question had no market value and were of little, if any, actual value.

After a careful consideration of all the evidence, we are of opinion that the greater weight thereof fails to show that the complainant converted said stock to his own use. In this state of the proof, the decree of the Circuit Court was proper and is affirmed.

*Affirmed.*